MONACO, J.
The sole issue in this appeal is whether the trial court erred in granting a final summary judgment in favor of Grand Seas Resort Owner’s Association, Inc. (“Grand Seas”) in a negligence action brought by one of the time-share owners at the resort, Richard Hackett. The summary judgment was based on a “release” (actually an exculpatory clause), executed by Mr. Hackett when he began use of a unit within the resort. Because the clause is ambiguous, however, we reverse.
Grand Seas is the unit owners’ association for a condominium. Mr. Hackett alleges that while sitting in a chair located on the patio of unit 1036, one of the chair legs collapsed, causing him to fall and to consequently suffer bodily injuries. He further alleges that Grand Seas breached its common law duty owed to him by creating an unreasonably dangerous condition and by allowing that unreasonably dangerous condition to exist on its property. Grand Seas responded with a host of affirmative defenses, only one of which is pertinent to the outcome of the case.
Eventually Grand Seas moved for summary judgment based on the exculpatory clause contained in a document that had been executed by Mr. Hackett prior to his stay. It appears that Mr. Hackett signed a “Guest License Agreement” with Grand Seas Resort that contained the following provision that is important to this appeal:
Notice to Guest: This property is privately owned. Management reserves the right to refuse service to anyone, and will not be responsible for accidents or injury to guest or for the loss of money, jewelry or valuables of any kind. Guest authorizes the use of credit card on file for any and all unpaid charges.
*380 Grand Seas argued that this exculpatory clause was enforceable because it was clear, unambiguous and unequivocal. The trial court agreed, citing this court’s opinion in Cain v. Banka, 932 So.2d 575 (Fla. 5th DCA 2006), although indicating some misgivings about the determination.
Initially, we should point out that while there is a distinction between a post-claim “release” and a pre-claim “exculpatory clause” they both attempt to shift the ultimate responsibility for a negligent injury away from the person causing the injury. They are, therefore, generally underpinned by the same principles of law.
Exculpatory clauses purport to deny recovery in advance by an injured party for damages caused by a person responsible in negligence for his or her injury. See Kitchens of the Oceans, Inc. v. McGladrey & Pullen, LLP, 832 So.2d 270 (Fla. 4th DCA 2002). They are disfavored and thus enforceable only to the extent that the intention to be relieved from liability is made clear and unequivocal. Cain, 932 So.2d at 578. In order to be effective the language must be “so clear and understandable that an ordinary and knowledgeable person will know what he is contracting away.” Id.
In Cain we continued to reject the need for express language referring to release of the defendant for “negligence” or “negligent acts” in order to render a release effective to bar a negligence action. See also Greater Orlando Aviation Auth. v. Bulldog Airlines, Inc., 705 So.2d 120, 122 (Fla. 5th DCA 1998). As noted in that case, all the other districts appear to take a “bright line” position requiring such express language. Cain, 932 So.2d at 578.
The point of Cain, however, was not to sanction sloppy or ambiguous language within an exculpatory clause. Rather, it was simply to point out that we ought not to be hidebound by requiring the use of a specific word like “negligent,” in order to enforce a release from liability. Instead this court will look to language that clearly indicates that if one signs the document, one will be giving up certain specific defined rights, most ordinarily the right to seek compensation for injuries caused by the negligence of the person released. Better practice is probably to use the words, “negligent” or “negligence” in drafting an exculpatory clause. Certainly the use of those magic words may well be the tipoff that one accepting this condition will be waiving or releasing the right to seek financial compensation from the party being released. Those words, however, are not the only ones that will suffice. In the present case, however, the level of ambiguity is simply too great to allow enforcement of the clause.
A consideration of the clause in the Guest License Agreement reflects first that the word, “accident,” is too ambiguous to support the exculpation of negligence asserted by Grand Seas. Accident does not equate to negligent or negligence. An accident may simply be the result of bad luck or clumsiness, or it might refer to an injury caused by a third party who is not a signatory to the agreement. For example, two guests might bump into each other in the parking lot and do damage to a vehicle. Negligence, on the other hand, is a basis for legal liability and denotes the violation of a duty to use reasonable care. An accident is not the same thing.
Secondly, we note that the organization being protected by the exculpatory clause is the “Management.” Management, however, is never defined within the body of the document. There is something called “Grand Seas Resort” that is listed in the first paragraph, and whose representative actually signed the Guest License Agreement containing the clause, but nowhere *381 is the appellee, Grand Seas Resort Owner’s Association, recognized, nor is it specifically identified with the term, “Management.” [1] In addition, the words, “Management ... will not be responsible for accidents or injury to guest or for the loss of money, jewelry or valuables of any kind,” simply does not convey that one will be releasing the “Management” from damages resulting from an injury caused in whole or in part by the Management, whoever they are.
Thus, we conclude that simply saying that the Management will not be responsible for accidents or injury is not sufficiently precise to amount to an enforceable exculpatory clause under the facts of the present case. Accordingly, we reverse the summary judgment in favor of the appellee and remand for further proceedings.
REVERSED and REMANDED.
JACOBUS J., concurs.
COHEN, J., concurs and concurs specially, with opinion.

. We recognize that the lack of identification of the body being released was only obliquely raised by the appellant below, and in fairness to the trial judge, was not specifically argued before him. Given the ambiguity of the clause resulting from the use of the word, "accident,” however, we felt it appropriate to point out the lack of precision in this regard, as well.